**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LENNOX SEAFORTH, | Civil No. 09-3174 (RMB) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| BURLINGTON COUNTY JAIL, |  |
| Defendants. |  |

**APPEARANCES:**

    LENNOX SEAFORTH, #95769, Plaintiff <u>Pro Se</u>
    Burlington County Jail
    P.O. Box 6000
    Mt. Holly, New Jersey  08060

**BUMB**, District Judge:

    Lennox Seaforth, a prisoner incarcerated at Burlington County Jail, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.  Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint, without prejudice to the filing of an amended complaint.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

Plaintiff asserts the following facts:

> Several individuals were affected with the disease "staff" at this institution in late 2008 and early 2009.  The necessary procedures to protect each & every inmate here was not taken.  As a result on 2-17-09 I noticed a circle of swollen tissue on my right leg.  I was taken to medical where I was treated as having a boil or something.  5 days later it got worse & it was determined that I had contracted the disease "staff."  I was then quarant[ined] for 3 weeks & treated antibiotics & tylenol.  This staff left some scarring on Plaintiff's leg.

(Compl. ¶ 6.)

Plaintiff alleges that the Burlington County Jail is liable under § 1983 because "this institution was not properly sanitized after several incidents of individuals contracting staff." (Compl. ¶ 4.b.)  For relief, Plaintiff states:  "The courts can hold the county accountable for not taking the proper steps to eliminate this problem & order this county to compensate Plaintiff for his pain & suffering."  (Id. ¶ 7.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to dismiss any claim if the Court determines that it is

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is

3

> entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted); see also Fowler v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3d Cir. 2009) (citations and internal quotation marks omitted); McTernan v. City of York, 577 F. 3d 521, 530 (3d Cir. 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Section 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

4

>           by the Constitution and laws, shall be liable
>           to the party injured in an action at law,
>           suit in equity, or other proper proceeding
>           for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

In this Complaint, Plaintiff names the Burlington County Jail c/o Burlington County Board of Freeholders as defendant. However, a jail is not a "person" which may be found liable under § 1983.  See <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993); <u>McCoy v. Chesapeake Correctional Center</u>, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  Although Burlington County Board of Chosen Freeholders is a municipal entity that may be subject to suit under 42 U.S.C. § 1983, <u>see</u> <u>Ryan v. Burlington County, NJ</u>, 889 F. 2d 1286, 1289 n.1, 1290 (3d Cir. 1989), a municipal entity cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor.  See <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 694 (1978). Rather, "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy,

inflicts the injury that the government as an entity is responsible under § 1983." Id.  Because Plaintiff's allegations do not show that the execution of a policy or custom adopted by the Burlington County Board of Chosen Freeholders inflicted the constitutional injury, the Complaint fails to state a claim against the county or board of freeholders and will be dismissed. However, because Plaintiff may be able to state a cognizable claim under § 1983 by filing an amended complaint against the county and/or the individual(s) who allegedly caused violation of Plaintiff's constitutional rights, this Court will grant Plaintiff 30 days to file an amended Complaint.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants in forma pauperis status and dismisses the Complaint without prejudice to the filing of an amended complaint.  An appropriate Order accompanies this Opinion.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 28, 2010